## MASSA et ux. v. GUARDIAN TRUST CO. (No. 8681.)

(Court of Civil Appeals of Texas. Galveston. June 2, 1925.)

**1. Gifts ⬤⟶50—Evidence of parol gift of land held too indefinite, speculative, and uncertain to submit plaintiffs' claim thereof to jury.**

In an action of trespass to try title, where plaintiffs claimed land by reason of parol gift from owner, *held* that evidence, most favorably construed for plaintiffs, still left it uncertain as to whether alleged donor gave land to plaintiffs in fee simple, or for life, or merely permitted plaintiffs to remain on land as tenants without payment of rent, and that the terms of parol gift and definition of boundaries thereunder were so shrouded in doubt, speculation, and surmise that it would be folly to submit plaintiffs' claim to jury.

**2. Gifts ⬤⟶49(4)—Proof of parol gift must be clear and free from ambiguity or doubt.**

Where parol gift of land is first asserted after the death of the alleged donor, the proof of such gift must be free from ambiguity or doubt.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Eugene Massa and wife against the Guardian Trust Company, executor. From a judgment for defendant, plaintiffs appeal. Affirmed.

See, also, 258 S. W. 598.

Niday & Carothers, of Houston, for appellants.

Baker, Botts, Parker & Garwood, Rodman S. Cosby, and Winston Carter, all of Houston, for appellee.

LANE, J. This suit was brought in the form of trespass to try title by Eugene Massa and wife against Guardian Trust Company, independent executor of the will of

Hugh Hamilton, deceased, to recover the title and possession of 10 acres of land; some being composed of parts of the Luke Moore and Jacob Thomas surveys in Harris county.

The plaintiffs alleged that Eugene Massa had formerly been an employee of Hugh Hamilton and his associates, and that while so employed he failed in health, and that thereafter Hugh Hamilton, in the month of January, 1918, "verbally gave, presented, and conveyed to these plaintiffs" said 10 acres of land, and that he placed them in possession thereof; that plaintiffs accepted such gift, took possession of the same, and made valuable improvements thereon. They alleged substantially that while the metes and bounds of the Hamilton tract embraced 16 acres of land, and that while Hamilton, in the gift to them, did not specify any particular acres, he did in fact give them the 10 acres claimed by them. They also alleged that prior to the filing of this suit, to wit, on the 5th day of March, 1923, the Guardian Trust Company instituted in the justice court a forcible entry and detainer proceeding, and on May 7th obtained a judgment ousting the plaintiffs from the premises in controversy, and thereafter placed a writ of possession in the hands of the constable, that they (Massa and wife) sought an injunction to restrain the constable from executing said writ, and that, upon the refusal of the court to grant said injunction, that they might retain temporary possession of the premises sued for in this cause, they signed and acknowledged the following instrument:

"The State of Texas, County of Harris.

"Whereas the estate of Hugh Hamilton, deceased, is the owner of the following described tract of land, to wit: Sixteen acres out of the eastern part of the Luke Moore league and western part of the Jacob Thomas one-fourth of a league on the S. S. of Bray's bayou about four miles southeasterwardly from the courthouse in the city of Houston, said survey begins at the N. W. corner of Dick Lee's 44/10 acres on the east line of Hughes' first purchase of 103/4 acres thence N. 20 deg. E. 278 varas along the east line of said 103/4 acres to a stake in the gully, thence S. 64 deg. E. along the south line of land previously sold to P. Bowman 400 varas to the center of the B. B. B. & C. R. R., thence southwest 290 varas along the center line of said railroad to a point opposite Dick Lee's N. E. corner, thence N. 70 deg. west along Dick Lee's north line to a place of beginning—said land situated in Harris county;

"And whereas, under agreement made between Hugh Hamilton during his lifetime and Eugene Massa, the said Eugene Massa has occupied said land as a tenant at will of the said Hugh Hamilton and of the estate of Hugh Hamilton, deceased, the said Eugene Massa taking care of said premises and keeping trespassers off the said premises in return for the privilege of using, occupying, and enjoying said tract of land:

"Now, therefore, know all men by these presents: That Eugene Massa and wife * * * Massa, in consideration of the premises and the further sum of one dollar ($1.00) cash to them in hand paid by Guardian Trust Company, executor and trustee of the estate of Hugh Hamilton, deceased, the receipt whereof is hereby acknowledged, do herein state, admit, and acknowledge that they are occupying the above-described tract of land as tenants at will of the said estate of Hugh Hamilton, deceased, and that they will, at any time after July 31, 1923, upon demand, deliver possession of said tract of land to the legal representatives of the estate of Hugh Hamilton, deceased, and they do hereby renounce any claim of title to said land; and the Guardian Trust Company, executor of the estate of Hugh Hamilton, shall have the right to erect, place, and maintain on said property above described any signs or advertisements it may deem necessary to facilitate the sale of said property, without interference or hinderance from said Eugene Massa or his wife, and shall have the right to enter upon said property at any time, for purposes of inspection of same, or for purposes of showing same to prospective purchasers; and at any time after July 31, 1923, without further notice or demand the Guardian Trust Company, executor, may enter into and upon the said premises or any part thereof in the name of the whole, and repossess the same as of its estate, and expel the said Eugene Massa and wife, and those claiming under him, and remove his effects (forcibly, if necessary) without being taken or deemed guilty of any manner of trespass, all and every claim for damages, for or by reason of said re-entry, being hereby expressly waived and without prejudice to any remedy which might otherwise be used for possession of said property. It being expressly understood that this is a tenancy at will, which may be terminated at any time after July 31, 1923."

They alleged that the execution of such instrument was procured by fraud and misrepresentation. They alleged in the alternative that, if they were mistaken about the parol conveyance giving them a fee-simple title, such conveyance was nevertheless sufficient to give them a life estate in the property for which they prayed in the alternative.

The defendant answered, pleading not guilty and general denial, and specially denied that there was any fraud or misrepresentation practiced by it or any one for it in securing the acknowledgment of tenancy pleaded by the plaintiffs. It also pleaded that the appellants were estopped to raise any question as to fraud in the execution of the acknowledgment of tenancy and specially pleaded the statute of frauds against the alleged parol gift, and concluded with the cross-action seeking judgment for the title and possession of the land in controversy.

After the plaintiffs had closed their evidence, the court instructed the jury, selected to try the cause, to return a verdict for the defendant, which was accordingly done, and judgment was thereupon rendered for defend-

ant Guardian Trust Company, executor. From such judgment Massa and wife have appealed.

Appellants have presented to this court but two assignments; the only one presenting the main issue to be decided by us is as follows:

"The court erred in overruling plaintiffs' amended motion for a new trial of said cause for this: That the uncontroverted evidence adduced on the trial of said cause showed conclusively that Hugh Hamilton had verbally given the tract of land described in the trial pleadings to the plaintiff Eugene Massa for and during the remainder of his natural life, and that the plaintiffs had gone on and taken possession of said land at the time of said verbal conveyance, taking possession thereof under the terms of said verbal conveyance, and had, with the knowledge and consent of the said Hugh Hamilton, and during his lifetime, made permanent and valuable improvements on said land, as alleged and set out in plaintiffs' petition, and that plaintiffs at all times from and after said conveyance openly and notoriously claimed said land as their own, under and by virtue of said parol conveyance, wherefore they were entitled to have said parol conveyance established and enforced by the court, and the court erred in instructing the jury to find for the defendants and in rendering judgment against the plaintiffs; such error being made the first ground for plaintiffs' said amended motion for a new trial."

It will be observed that it is not insisted by the assignment that there was sufficient evidence to require the submission of the question as to whether Hamilton gave Massa a life estate in the property, and that for such reason the court erred in instructing a verdict for the defendant, but the insistence is only that the undisputed evidence shows conclusively that Hamilton had in fact given Massa such life estate, and that because of such conclusive evidence the court erred in instructing a verdict for the defendant. However, we shall consider such assignment as insisting that the court erred in instructing a verdict for the defendant under the facts proven. So considering the assignment, we are called upon to determine whether or not the evidence, when taken and considered, as a whole, is sufficient to support a finding by the jury that the gift of a life estate in the property was verbally made by Hamilton to Massa. If this question is answered in the negative, an answer to the further question, as to whether such verbal gift, if made, is made within the statute of fraud, becomes necessary.

No good can be subserved by setting out in detail the testimony of the various witnesses and the other evidence introduced by plaintiff. It is sufficient to say that the evidence is not such full, clear, and satisfactory evidence as is required to warrant a finding that Hugh Hamilton had verbally unconditionally given appellant a life estate in the land in controversy.

[1] Considering all of the evidence, and giving it a construction most favorable to appellant, still leaves it uncertain in the minds of all reasonable persons as to whether Hamilton gave the land to Massa in fee simple, whether he gave it to him for life, or whether he merely permitted Massa to live on the land as a tenant without the payment of rental. A consideration of this testimony leads inevitably to the conclusion that the terms of the gift, the defining of the boundaries of the property, and the conditions of the supposed gift, are so shrouded in doubt, speculation, and surmise, that it would be the merest folly to submit the question to the jury.

The evidence shows that Eugene Massa, for some time prior to moving upon the premises in question, was in the employ of the Houston Ice & Brewing Association, a corporation, of which Hugh Hamilton was president; that while in such employ in the year 1913 Massa failed in health; that in the year 1918 Mr. Hamilton, realizing that Massa was still unable to work, and believing that he would live but a short time, let him and his family move into a house situated upon a 16-acre tract of land owned by him (Hamilton), of the value of $4,000 to $10,000—10 acres of said land now claimed by appellant and the house thereon. Massa and family moved into this house, which stood on said 16 acres of said land, in March, 1918, and remained therein until Hamilton died in or about the year 1922. After the death of Hamilton, Guardian Trust Company, executor of his will, dispossessed Massa in a forcible entry and detainer suit. If there was any assertion of any kind of title to the 16 acres of land or any portion thereof by Massa prior to the death of Hamilton, it is not shown by any evidence.

[2] Where a parol gift of land is first asserted after the death of the alleged donor proof of such gift must be clear and free from ambiguity or doubt. Martin v. Martin (Tex. Civ. App.) 207 S. W. 188; Snover v. Jones (Tex. Civ. App.) 172 S. W. 1122; Combest v. Wall (Tex. Civ. App.) 102 S. W. 147. The evidence to support them ought to be full and clear and free from uncertainty, for the temptation to seize upon statements made by the deceased alleged donor might be too often yielded to under the influence of interest or promptings of avarice, and produce most grievous wrongs. The facility with which such alleged gifts are sometimes proved is suggestive of great caution in weighing the evidence adduced to sustain them. To doubt them ought to be to deny them.

"Around every other disposition of the property of the dead, the legislative power has thrown safeguards against fraud and perjury. Around this mode [donatio mortis causa] the requirement of actual delivery is the only substantial protection, and the courts should not weaken it by permitting the substitution of convenient and easily-proven devices." Keep-

ers v. Fidelity Title & Deposit Co., 56 N. J. Law, 303, 28 A. 585, 23 L. R. A. 184, 44 Am. St. Rep. 397.

"Mindful of the facility with which, after the alleged donor is dead, fraudulent claims of ownership may be found on pretended gifts of his property asserted to have been made while he was living, it is but a salutary precaution which demands explicit and convincing evidence of every element needed to constitute a valid donation whether it be a donation inter vivos or mortis causa. Even then fraudulent claims may prevail; but the rigid requirement of the clearest proof will at least diminish the number." Whalen v. Milholland, 89 Md. 211, 43 A. 50, 44 L. R. A. at page 213.

We are of the opinion that the evidence adduced to prove the alleged gift of 10 acres of land claimed by appellant is too inconclusive and too vague to support the appellant's claim.

For the reasons expressed, the judgment of the trial court is affirmed.

Affirmed.